IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOE HAND PROMOTIONS, INC., | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:21-CV-1110-G-BH |
| | § | |
| DIVE ON 75 PRIVATE CLUB, INC., et al., | § | |
| Defendants. | § | Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court for recommendation is *Plaintiff, Joe Hand Promotions, Inc.'s Motion for Entry of Final Judgment and for Attorney's Fees and Costs*, filed October 25, 2021 (doc. 27). Based on the relevant filings and applicable law, the motion should be **GRANTED**.

### I. BACKGROUND

On May 17, 2021, Joe Hand Promotions, Inc. (Plaintiff) filed this anti-piracy action against Dive on 75 Private Club, Inc., formerly named Rocky's Private Club, Inc. and doing business as Fordtres Bar & Grill (Club), and Ting Y. Chen, also known as Andy Chen (Chen) (collectively Defendants) under the Federal Communications Act of 1934, as amended (FCA), 47 U.S.C. §§ 553 and 605. (doc. 1 at 6.)[2]

After Club failed to timely answer, Plaintiff sought entry of default on June 18, 2021. (doc. 9.) On June 21, 2021, the Clerk entered default against Club, and Plaintiff moved for default judgment against Club that same day. (docs. 10, 11.) Plaintiff's motion was granted the following day, and a partial judgment was entered against Club for statutory damages under 47 U.S.C. § 605(e)(3)(C)(i)(II) in the amount of $10,000.00, additional damages under § 605(e)(3)(C)(ii) in the

---

[1] By *Order of Reference* dated October 26, 2021 (doc. 30), this motion was referred for recommendation.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

amount of $50,000.00, attorney's fees, costs, and post-judgment interest on the amounts awarded at an annual rate of 0.08% from the date of final judgment until paid. (doc. 13.)

On September 8, 2021, Plaintiff's motion for substituted service of process on Chen was granted. (doc. 20.)  After Chen failed to timely answer, on October 6, 2021, Plaintiff sought and obtained entry of default against him. (docs. 22, 23.)  On October 12, 2021, Plaintiff moved for default judgment and obtained entry of default judgment against Chen. (docs. 24, 26.) It was awarded statutory damages under 47 U.S.C. § 605(e)(3)(C)(i)(II) in the amount of $10,000.00, additional damages under § 605(e)(3)(C)(ii) in the amount of $50,000.00, attorney's fees, costs, and post-judgment interest on the amounts awarded at an annual rate of 0.09% from the date of final judgment until paid. (doc. 26.)

Plaintiff was directed to file "its attorney's fees affidavit and bill of costs within 14 days of the entry of a final judgment in this case as to all parties and all claims." (docs. 13 at 2; 26 at 2.)  On October 25, 2021, it moved for entry of final judgment and for attorney's fees and costs. (doc. 27.)[3]

## II.  ATTORNEY'S FEES AND COSTS

Plaintiff seeks attorney's fees in the amount of $4,575.00 and costs in the amount of $1,012.00. (doc. 27 at 3-4.)

A.   **Attorneys' Fees**

Under the FCA, the court is required to order the recovery of full costs, including attorneys' fees, to an aggrieved party who prevails. *See* 47 U.S.C. § 605(e)(3)(B)(iii).  In adjudicating an attorneys' fee award, a court first calculates a "lodestar" fee by multiplying the reasonable number of hours expended on the case by the reasonable hourly rates for the participating lawyers. *See*

---

[3]Sangeeta Chopra, also known as Sandy Chopra, was voluntarily dismissed from this action on June 23, 2021. (*See* doc. 14.)

*Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995).  The fee applicant bears the burden of proof on this issue. *See Riley v. City of Jackson*, 99 F.3d 757, 760 (5th Cir. 1996).  Next, a court must consider whether the lodestar figure should be adjusted upward or downward depending on its analysis of the twelve factors established in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[4] *See id.*  "Many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate and should not be double-counted." *Jason D.W. v. Houston Indep. Sch. Dist.*, 158 F.3d 205, 209 (5th Cir. 1998) (internal citations omitted).  There is no requirement to specifically "recite or even mention the *Johnson* factors, so long as 'the record clearly indicates that [it] has utilized the *Johnson* framework as the basis for its analysis.'" *Moench v. Marquette Transp. Co. Gulf-Inland, L.L.C.*, 838 F.3d 586, 596 (5th Cir. 2016) (quoting *Union Asset Mgmt. Holding A.G. v. Dell, Inc.*, 669 F.3d 632, 642 (5th Cir. 2012)).

Here, Plaintiff submits an affidavit from its counsel that sets out her background and qualifications, states that the hourly billable rate of $250.00 is reasonable and consistent with rates charged in the community, and cites similar fee awards in anti-piracy cases from the Northern District of Texas based on the same hourly rate. (*See* doc. 28-3 at 1-4.)  It states that 18.3 hours, for a total amount of $4,575.00, were reasonably expended in connection with the prosecution of Plaintiff's claims against Defendants, details the time rendered on the various tasks in this case, and segregates

---

[4]The twelve factors are: (1) the time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Cobb v. Miller*, 818 F.2d 1227, 1231 n.5 (5th Cir. 1987) (citing *Johnson*, 488 F.2d at 717-19).

the amount of time spent for each defendant. (*Id.* at 2-4.)[5]  Considering the *Johnson* factors, no adjustment to the lodestar figure is necessary. *See Johnson*, 488 F.2d at 717-19.  Plaintiff should be awarded $4,575.00 in attorney's fees. [6]

**B.     Costs**

As discussed, the prevailing party is entitled to the recovery of "full costs" under the FCA. *See* 47 U.S.C. § 605(e)(3)(B)(iii).  Plaintiff seeks $1,012.00 for filing fees, service of process, and copy fees. (doc. 27 at 4-5.)  It submits a bill of costs and billing statements reflecting this total. (*See* doc. 28-4.)  The motion for these requested costs should be granted.

### III.  ENTRY OF FINAL JUDGMENT

Plaintiff seeks the entry of a final judgment based on the default judgments that have been entered against Defendants. (doc. 27 at 5.)

Under Rule 58(d) of the Federal Rules of Civil Procedure, "[a] party may request that judgment be set out in a separate document as required by Rule 58(a)." Fed. R. Civ. P. 58(d).  Rule 58(a) provides that every judgment must be set out in a separate document, subject to certain exceptions. Fed. R. Civ. P. 58(a).

Here, default judgments have been entered against Defendants. (*See* docs. 13, 26.)  Because there are no further pending matters to be resolved in this action, entry of a separate final judgment is appropriate. *See* Fed. R. Civ. P. 58.  Accordingly, Plaintiff's request for entry of final judgment

---

[5] The affidavit attributes 7.1 hours to Defendants for a sum of $1,775.00; 5.8 hours to Club for a sum of $1,450.00; and 5.4 hours to Chen for a sum of $1,350.00.

[6] Plaintiff also requests attorney's fees for post-judgment and appellate work, but it does not provide a method for reasonably calculating such fees.  The request for such fees should not be awarded at this time.  *See, e.g., Joe Hand Promotions, Inc. v. Fusion Hookah, LLC*, No. 1:19-CV-618-RP, 2020 WL 6876208, at *5 (W.D. Tex. Nov. 23, 2020) (declining to award request for similar conditional fees).

should be granted.

## IV.  RECOMMENDATION

Plaintiff's motion for entry of final judgment and for attorney's fees and costs should be **GRANTED**, and Plaintiff should be awarded $4,575.00 in attorney's fees and $1,012.00 in costs. A separate final judgment should be entered as follows:

1.  Final default judgment is hereby entered in favor of Plaintiff and against Defendants.

2.  Plaintiff hereby recovers statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II) from Defendants, jointly and severally, in the amount of $10,000.00.

3. Plaintiff hereby recovers additional damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii) from Defendants, jointly and severally, in the amount of $50,000.00.

4.  Plaintiff hereby recovers reasonable attorney's fees in the total amount of $4,575.00, as follows:
a. $1,775.00 from Defendants, jointly and severally, plus
b. $1,450.00 from Club, plus
c. $1,350.00 from Chen.

5.  Plaintiff hereby recovers costs from Defendants, jointly and severally, in the amount of $1,012.00.

6.  The Court awards to Plaintiff post-judgment interest from Club on the amounts awarded herein at an annual rate of 0.08% from the date of this judgment until paid.

7.  The Court awards to Plaintiff post-judgment interest from Chen on the amounts awarded herein at an annual rate of 0.09% from the date of this judgment until paid.

**SO RECOMMENDED** on this 5th day of July, 2022.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                                                           */s/ Irma Carrillo Ramirez*
                                                                                 IRMA CARRILLO RAMIREZ
                                                           UNITED STATES MAGISTRATE JUDGE